# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

HARRISON NGEAH MISSIBI,
*Plaintiffs,*

-v-

LENTO LAW GROUP, P.C.;
LAWRENCE A. KATZ; and
KRISTI KAY KNEEDLER,
*Defendants.*

Case No. **1:26-cv-13498-ADB**

**DEFENDANT LAWRENCE A. KATZ'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant, Lawrence A. Katz ("Katz") *pro se*, respectfully moves under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and 28 U.S.C. §§ 1404(a), 1406(a), and 1631, for an order dismissing the Complaint or, alternatively, transferring this action to the United States District Court for the District of New Jersey. The grounds are set forth in the accompanying memorandum. In short:

**1.** The Complaint concerns legal work performed outside Massachusetts in a New Hampshire administrative proceeding. Neither Defendant is a Massachusetts citizen, maintains an office there, traveled there for the representation, or invoked Massachusetts law. Plaintiff's residence and Defendants' communications with him where he happened to reside do not establish purposeful availment of the forum.

**2.** If the action is not dismissed, the District of New Jersey is the more appropriate forum

because Lento is a New Jersey professional corporation, Katz is a New Jersey citizen who performed the challenged work from New Jersey, and the firm's relevant witnesses and records are centered there.

3. Several counts independently fail as a matter of law. The Complaint does not plausibly plead but-for causation; its fraud theories do not satisfy Rule 9(b); its aiding-and-abetting allegations substitute "should have known" and passive inaction for actual knowledge and substantial assistance; common-law indemnification is unavailable for Plaintiff's direct losses; respondeat superior supplies only a derivative theory; and Chapter 93A does not convert ordinary professional-negligence allegations into consumer fraud.

WHEREFORE, Katz requests that the Court dismiss the claims against them, with prejudice where amendment would be futile, or transfer this action to the District of New Jersey; dismiss Counts V, VII, XI, XII, and XIII against Katz under Rule 12(b)(6); treat Count X only as a derivative theory dependent on a viable underlying tort; and grant such other relief as is just:

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Katz requests oral argument because the motion raises case-dispositive questions of personal jurisdiction, transfer, and the legal sufficiency of thirteen overlapping claims. Because Katz resides in New Jersey, and the cost of travel and lodging for oral argument in Massachusetts is significant, he respectfully requests oral argument via Zoom, Meetings, or another form of remote video.

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

Katz certifies that counsel conferred with Plaintiff's counsel on approximately September 3, 2026, in a good-faith effort to resolve or narrow the issues presented by this motion, but the parties were unable to do so.

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

## INTRODUCTION

Plaintiff retained an out-of-state law firm to defend a New Hampshire nursing-board proceeding. He now sues in Massachusetts because he lived there while the representation occurred and received calls and emails there. *Sawtelle v. Farrell*, 70 F.3d 1381 (1st Cir. 1995), provides a close First Circuit analogy. On the record there, the court affirmed dismissal of a legal-malpractice action against out-of-state attorneys whose letters and calls to forum-resident clients were ancillary to litigation handled elsewhere. Id. at 1389-94. *Sawtelle* therefore strongly supports dismissal of claims arising from the New Hampshire representation, from an attorney in New Jersey who is employed by a New Jersey law firm, while the Court must still assess the particular Massachusetts contacts alleged here.

The merits allegations are also materially overstated. The Complaint repeatedly alleges that Katz never obtained permission to appear in New Hampshire. Compl. ¶¶ 10, 32, 34-36, 42, 50, 58, 65, 74, 81. But the presiding officer's July 22, 2024, order accepted Katz's appearance as Plaintiff's representative under Plc 206.09 and accepted his representation that he complied with the rule against unauthorized practice. The Complaint also says Plaintiff did not knowingly choose a surrender and was not told its consequences. Compl. ¶¶ 11, 37, 40, 43. Yet the instrument he signed is titled "Voluntary Surrender of License" and states that the surrender is disciplinary, reportable to other licensing authorities, permanent and public, and subject to reinstatement requirements. It also states that no outside promises were made and that Plaintiff had an opportunity to obtain counsel. At minimum, those incorporated terms undermine the pleaded theory and expose the Complaint's failure to allege a plausible better outcome.

The Court should dismiss for lack of personal jurisdiction. At minimum, it should transfer this New Jersey-centered dispute to the District of New Jersey and dismiss the counts that fail on

their face.

## FACTUAL BACKGROUND

For this motion only, Defendants accept well-pleaded allegations but not legal conclusions. Plaintiff is a Massachusetts resident. Compl. ¶ 2. Lento is a New Jersey professional corporation, and Katz is a New Jersey citizen. *Id*. ¶¶ 3-4. Plaintiff contacted Lento seeking representation in a disciplinary proceeding before the New Hampshire Board of Nursing. *Id*. ¶¶ 16-21. The challenged investigation, negotiations, hearing preparation, appearance, surrender, and licensing disposition concerned New Hampshire law and a New Hampshire license. *Id*. ¶¶ 24-44.

Katz performed the challenged New Hampshire work from New Jersey. Katz Decl. ¶¶ 3-8. He did not travel to Massachusetts, maintain or even use an office or property there, or hold himself out as admitted to practice there. *Id*. ¶¶ 4-7. After the New Hampshire surrender, Katz communicated remotely with a Massachusetts nursing-board investigator in an effort to report the New Hampshire disposition and protect Plaintiff's separate Massachusetts license. *Id*. ¶ 9. Those later remedial communications did not cause the earlier New Hampshire surrender that forms the gravamen of the Complaint. The pleaded jurisdictional theory otherwise rests on Plaintiff's residence, communications sent to him there, reliance there, and downstream consequences there. Compl. ¶¶ 13, 31, 33, 38-39, 46, 82-84.

On July 22, 2024, the New Hampshire presiding officer denied the formal request to label Katz's admission "pro hac vice" because the agency rules used a representative-appearance procedure instead. The officer nevertheless accepted Katz's appearance under Plc 206.09(a) and accepted Katz's representation that he complied with Plc 206.09(f). Ex. A at 1. Plaintiff later electronically signed a four-page "Voluntary Surrender of License." Ex. B. It expressly provides that the surrender resolved pending misconduct allegations; would be distributed as disciplinary action and in the same manner as a final misconduct decision; would remain a permanent, public

part of his file; and would require him to satisfy reinstatement requirements. *Id*. ¶¶ 2, 5-10. Plaintiff further represented that no promises existed beyond the document and that he had an opportunity to seek counsel. *Id*. ¶¶ 11-13. The signature audit records that Plaintiff viewed and signed it on September 30, 2024. *Id*. at 5.

## **STANDARD OF REVIEW**

Plaintiff bears the burden of establishing personal jurisdiction over each Defendant. *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995). Under the prima facie method, the Court accepts properly supported proffered facts and resolves genuine factual disputes in Plaintiff's favor, but it does not credit conclusory allegations or farfetched inferences. *Sawtelle, 70 F.3d at 1386 n.1; A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). Plaintiff must show that the Massachusetts long-arm statute authorizes jurisdiction and that jurisdiction comports with due process. *SCVNGR, Inc. v. Punchh, Inc.*, 478 Mass. 324, 325 (2017).

A complaint must contain facts sufficient to state a plausible claim; labels, conclusions, and formulaic recitations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under narrow exceptions, the Court may consider documents attached to or sufficiently referred to in the complaint, documents whose authenticity is undisputed and that are central to the claims, and official public records susceptible to judicial notice. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *Freeman v. Town of Hudson*, 714 F.3d 29, 36-37 (1st Cir. 2013). Plaintiff expressly invokes the consent agreement and final order, Compl. ¶¶ 37, 41-43, and bases much of the action on Katz's asserted lack of authority before the New Hampshire agency. The surrender instrument may therefore be considered if its authenticity is undisputed and the references are sufficient; the agency order may be considered as the record of a state administrative proceeding subject to judicial notice.

## ARGUMENT

### I. THE COURT LACKS PERSONAL JURISDICTION OVER LENTO AND KATZ.

#### A. Plaintiff does not satisfy the Massachusetts long-arm statute.

Massachusetts General Laws chapter 223A, § 3 requires the cause of action to arise from a listed Massachusetts contact, such as transacting business or causing tortious injury through an act in Massachusetts. The statute is an independent constraint and is not automatically coextensive with due process. SCVNGR, 478 Mass. at 325, 330-31. The operative professional services challenged in the Complaint concerned a New Hampshire tribunal and license and were performed from New Jersey or elsewhere. Compl. ¶¶ 9-10, 16, 20-44; Katz Decl. ¶¶ 3-8. Katz's later remote assistance concerning reporting to the Massachusetts nursing board was remedial, post-disposition conduct and was not an effective cause of the New Hampshire surrender. Katz Decl. ¶ 9. Plaintiff's Massachusetts residence, receipt of communications, and claimed downstream injury do not convert the earlier New Hampshire representation, performed by a New Jersey law firm and a New Jersey attorney who resided and worked in New Jersey, into an in-state tortious act.

#### B. Exercising specific jurisdiction would violate due process.

Specific jurisdiction requires relatedness, purposeful availment, and reasonableness. *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 59 (1st Cir. 2016). Potential jurisdiction must be determined separately as to each Defendant and each count. *N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 12 (1st Cir. 2009). Plaintiff fails at least the first two requirements.

##### 1. The claims arise from out-of-forum professional work, not Massachusetts activity.

Relatedness demands a demonstrable nexus between the claims and Defendants' forum contacts. *Sawtelle*, 70 F.3d at 1389. In a negligence claim, the Court asks whether the in-forum conduct was an effective cause of the alleged injury. *Id*. at 1389-90. Here, the allegedly deficient investigation, admission, negotiation, advice concerning New Hampshire law, and disposition all centered on New Hampshire and work performed outside Massachusetts, i.e., New Jersey. Compl. ¶¶ 20-44. Plaintiff's allegation that he received advice and felt economic consequences in Massachusetts describe the effects of alleged out-of-state conduct, not an effective Massachusetts cause.

*Sawtelle* provides a close analogue. There, out-of-state lawyers sent at least fifteen letters and participated in numerous calls with New Hampshire clients while handling Florida litigation. 70 F.3d at 1385. The First Circuit Court of Appeals held that, on those facts, the communications were ancillary to the allegedly negligent work outside the forum and that suffering the effects of negligence at home did not establish meaningful relatedness. Id. at 1389-91. The same analysis weighs against relatedness here for claims arising from the New Hampshire work. Quite simply, Katz did nothing in Massachusetts and Massachusetts has neither personal jurisdiction over Katz nor venue over this matter.

**2. Representing a Massachusetts resident in a New Hampshire matter is not purposeful availment.**

Purposeful availment focuses on voluntariness and foreseeability and excludes contacts that are random, isolated, or fortuitous. *Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 59-60 (1st Cir. 2020). Chen further treated contacts rooted in the plaintiff's unilateral activity as insufficient on its record. Id. at 62-63. The mere existence of an attorney-client relationship with a forum resident does not confer jurisdiction. *Sawtelle*, 70 F.3d at 1392. In *Sawtelle*, the lawyers' calls and correspondence with forum-resident clients were also insufficient when considered with the

other limited contacts in that case. Id. at 1391-94. This Honorable Court should reach the same conclusion.

Plaintiff sought representation for a New Hampshire proceeding. Compl. ¶¶ 16-21. Neither moving Defendant entered Massachusetts or maintained or even used an office there. Katz Decl. ¶¶ 3-8. The allegedly tortious advice and surrender occurred in the New Hampshire matter; Katz's later communications with a Massachusetts investigator sought to mitigate collateral consequences, not create them. *Id.* ¶ 9. The remaining pleaded Massachusetts contacts are communications to Plaintiff and injury where he resided. Compl. ¶¶ 31, 33, 38-39, 82-84. Under *Sawtelle*, those contacts do not establish purposeful availment for claims arising from the New Hampshire work. They are insufficient to subject Katz to the courts of Massachusetts.

**3. The reasonableness factors do not cure the absence of minimum contacts.**

The gestalt factors cannot supply minimum contacts that are missing. *Sawtelle*, 70 F.3d at 1394. In any event, litigating in Massachusetts burdens New Jersey Defendants; New Hampshire has the strongest regulatory interest in conduct before its nursing board; critical agency witnesses and records are in New Hampshire; and New Jersey has an interest in conduct by a New Jersey professional corporation and citizen with so many of the relevant occurring in or from New Jersey. Massachusetts has an interest in providing a forum for its resident, but that factor alone cannot establish jurisdiction.

## II. ALTERNATIVELY, THE COURT SHOULD TRANSFER THE ACTION TO THE DISTRICT OF NEW JERSEY.

A court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice" to a district where it might have been brought. 28 U.S.C. § 1404(a). If venue or personal jurisdiction is defective, transfer is also available under 28 U.S.C. §§ 1406(a) and 1631. *Coady v. Ashcraft & Gerel* identifies the convenience of parties and witnesses, availability

of documents, possible consolidation, and the order in which the courts obtained jurisdiction as relevant considerations; it also places the burden on the movant and recognizes a strong presumption in favor of the plaintiff's chosen forum. 223 F.3d 1, 11 (1st Cir. 2000).

The District of New Jersey is a proper transferee forum. Lento is organized and headquartered in New Jersey, Katz is a New Jersey citizen, and a substantial part of the challenged law-firm activity occurred there. Katz Decl. ¶¶ 3-8. Lento and Katz are subject to personal jurisdiction there, and venue is proper under 28 U.S.C. § 1391(b)(1)-(2).

The balance favors transfer. Plaintiff selected his home forum, but the operative facts did not occur there. The challenged decisions and firm conduct occurred principally in New Jersey, while the underlying agency activity occurred in New Hampshire. Lento's relevant personnel and records are centered in New Jersey. Katz Decl. ¶¶ 8-10. By contrast, the Complaint identifies no Massachusetts-based defense witness other than Plaintiff and no Massachusetts event other than his receipt of remote communications and claimed consequences. Electronic access reduces the importance of document location, but it does not erase the concentration of party witnesses and operative firm conduct in New Jersey. Transfer also avoids dismissing and refiling if this Court finds personal jurisdiction lacking.

Plaintiff's choice is entitled to the strong presumption recognized in *Coady*, 223 F.3d at 11. Defendants nevertheless submit that the balance overcomes that presumption because nothing occurred in Massachusetts, while the challenged firm conduct occurred principally in New Jersey, the underlying proceeding occurred in New Hampshire. Massachusetts's connection is nothing more than Plaintiff's residence and receipt of remote communications. At minimum, transfer would avoid dismissal and refiling if this Court finds personal jurisdiction lacking.

## III. THE COMPLAINT FAILS TO STATE SEVERAL CLAIMS AGAINST LENTO AND KATZ.

**A. The professional-liability theories do not plausibly plead but-for causation.**

To prevail on a Massachusetts legal-malpractice claim, a plaintiff must prove duty, breach, causation, and loss; where the claim concerns prosecution or disposition of an underlying matter, the plaintiff must prove that competent representation probably would have produced a better result. *Fishman v. Brooks*, 396 Mass. 643, 646-47 (1986); *Poly v. Moylan*, 423 Mass. 141, 145 (1996). At the pleading stage, those substantive requirements must be supported by facts making causation and loss plausible.

The Complaint alleges that Plaintiff would have received a materially different disposition, retained employability, and obtained Massachusetts licensure, but it never identifies facts showing what lawful, attainable New Hampshire outcome competent counsel probably would have secured. Compl. ¶¶ 11-12, 43-47, 49-51, 57-59, 74-76. It admits that the proceeding arose from allegedly fraudulent educational records and that Plaintiff lacked authenticated Cameroonian records. Id. ¶¶ 15-17. The surrender itself acknowledges that the Sunshine Academy transcript and diploma were fraudulent and that Plaintiff did not meet New Hampshire's minimum requirements. Ex. B ¶¶ 2-4. Plaintiff does not allege that the New Hampshire Board would have accepted his alternative credentials, dismissed the charge, imposed non-disciplinary relief, or allowed him to practice. Nor does he identify the job allegedly lost, the licensing decision allegedly delayed, the governing requirements, or how different advice would have changed either outcome. Compl. ¶¶ 45-47. Plaintiff's academic credentials would have been deemed improper and inadequate no matter who represented him.

The complaint also conflates revocation and surrender. The document Plaintiff signed expressly ended his license, labeled the surrender disciplinary, made it public and reportable, and described reinstatement. Ex. B ¶¶ 1, 5-10. Although Plaintiff may dispute the oral advice he received, the Complaint must still plead particular facts reconciling that theory with the

instrument's unambiguous terms and explaining what better, attainable disposition would probably have resulted. The core claims should therefore be dismissed, or at minimum narrowed to a properly pleaded theory supported by a plausible alternative outcome.

**B. The fraud and negligent-misrepresentation counts are deficient.**

Rule 9(b) requires a fraud plaintiff to specify the alleged false statements and who made them; the complaint must also plead specific facts supporting a reasonable inference of scienter. *N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009). The Complaint identifies no date, exact statement, medium, or context for Katz's supposed assertion that he was unauthorized yet could act, or that surrender lacked professional consequences. Compl. ¶¶ 36-38, 64-68. Count V largely repeats conclusions and treats an unspecified implication as a knowingly false statement. It should be dismissed.

Count VII fares no better. Negligent misrepresentation requires false information supplied for guidance and justifiable reliance causing pecuniary loss. *Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, 455 Mass. 458, 471-72 (2009). The agency order defeats the pleaded "no authority" premise: the presiding officer accepted Katz's representative appearance and his compliance representation. Ex. A at 1. The surrender defeats reasonable reliance on an alleged promise that the disposition was non-disciplinary or carried no reporting consequences. Ex. B ¶¶ 5-13. At minimum, the count does not identify a false factual statement distinct from allegedly negligent professional advice and should be dismissed as duplicative.

**C. The aiding-and-abetting count against Lento does not allege actual knowledge or substantial assistance.**

To the extent Count XI alleges aiding and abetting a fiduciary breach, Massachusetts law requires an underlying breach, actual knowledge, and active participation or substantial assistance to a degree inconsistent with good faith. *Arcidi v. Nat'l Ass'n of Gov't Emps., Inc.*, 447

Mass. 616, 623-24 (2006); *Spinner v. Nutt*, 417 Mass. 549, 556-57 (1994). Count XI alleges only that Lento "knew or should have known" about supposed unauthorized practice and "permitt[ed]" the representation to proceed under its name and resources. Compl. ¶¶ 73-76. "Should have known" does not plead actual knowledge, and the alleged failure to stop the representation does not, without more, plead active participation or substantial assistance. The count also rests on the disputed premise that Katz lacked accepted authority before the agency. It should be dismissed insofar as it asserts aiding and abetting a fiduciary breach.

**D. Common-law indemnification is unavailable to Plaintiff.**

Massachusetts common-law indemnity is limited to a party held derivatively or vicariously liable for another's wrongful act and does not extend to a would-be indemnitee who joined in the wrongdoing. *Decker v. Black & Decker Mfg. Co.*, 389 Mass. 35, 40-41 (1983). Plaintiff alleges no judgment, settlement, or other third-party liability imposed on him because of Defendants' conduct and no basis on which his liability would be merely derivative or vicarious. Compl. ¶¶ 77-79. On those allegations, Count XII seeks direct tort damages rather than indemnity and should be dismissed.

**E. Count X alleges only a derivative theory of liability.**

Respondeat superior is a doctrine of vicarious liability that turns on the employer's right to control the employee's conduct. See *Hohenleitner v. Quorum Health Res., Inc.*, 435 Mass. 424, 435-36 (2001). Hohenleitner does not itself decide whether respondeat superior may be pleaded as a separately captioned count. Count X should therefore be treated as a derivative theory dependent on a viable underlying tort by a Lento employee, rather than dismissed on the ground that Hohenleitner recognizes no independent cause of action.

**F. The Chapter 93A count pleads professional negligence, not actionable marketplace conduct.**

Chapter 93A requires more than negligence; *Meyer v. Wagner* upheld dismissal where the allegations sounded in negligence and did not suggest an unfair or deceptive act. 429 Mass. 410, 423-24 (1999). In the medical-services context, *Darviris v. Petros* distinguished negligent delivery of medical care from entrepreneurial or business conduct such as advertising or billing. 442 Mass. 274, 278-83 (2004). Darviris did not address legal services, but its focus on the underlying nature of the claim supports an analogous distinction here. Plaintiff attacks legal judgment, advice, authorization to appear, settlement negotiation, and explanation of a disciplinary disposition. Compl. ¶¶ 80-85. Those allegations concern the substance of representation rather than billing, advertising, or another identified business practice.

The count's labels of "unfair" and "deceptive" add nothing. It does not identify a marketplace practice separate from the malpractice theories, and ordinary negligence is insufficient even if the conduct caused serious loss. Meyer, 429 Mass. at 424. The alleged promise concerning consequences is also contradicted by the surrender's express terms. Ex. B ¶¶ 5-13. Count XIII should be dismissed.

## CONCLUSION

The Court should dismiss all claims against Katz under Rule 12(b)(2). Alternatively, it should transfer the action to the District of New Jersey. In all events, the Court should dismiss Counts V, VII, XI, XII, and XIII against Katz; treat Count X only as a derivative theory dependent on a viable underlying tort; and dismiss or require repleading of the remaining professional-liability theories because the Complaint does not plausibly allege but-for causation or a viable alternative outcome.

Respectfully Submitted,

________________________________
LAWRENCE A. KATZ (Pro se)
17 42nd Street, Unit 7
Sea Isle City, NJ 08243
267-242-4191
Lakatzsr.@gmail.com

DATED: 9-16-2026