UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 OCT 14 A 10:37
U.S. DISTRICT COURT
DISTRICT OF MASS.

HARRISON NGEAH MISSIBI,
Plaintiff,

v.

LENTO LAW GROUP, P.C.; LAWRENCE A. KATZ; and KRISTI KAY KNEEDLER,
Defendants.

Civil Action No. 1:26-cv-13498-ADB

**DEFENDANT KRISTI KAY KNEEDLER'S MOTION TO DISMISS**

Defendant Kristi Kay Kneedler ("Ms. Kneedler"), appearing pro se, moves under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for an order dismissing all claims against her. The grounds are set out in the accompanying memorandum. In short, Ms. Kneedler raises two independent grounds.

First, this Court lacks personal jurisdiction over Ms. Kneedler. She is a Florida domiciliary who has never practiced law, maintained an office, or traveled in Massachusetts in connection with this matter. Her only connection to Massachusetts is remote communication with a client who lived there while she advised him about a New Hampshire proceeding. Her role in that proceeding ended on February 23, 2024, eight months before the consent agreement that Plaintiff challenges.

Second, every count against Ms. Kneedler fails to state a claim. The Complaint identifies one piece of advice she gave: a November 7, 2023 recommendation that Plaintiff reject a proposed voluntary surrender of his license. It pleads no facts showing that different advice probably would have produced a better result. The fraud and negligent-misrepresentation counts identify no statement she made. The aiding-and-abetting count rests on Mr. Katz's conduct, which began months after she left. Common-law indemnification does not cover Plaintiff's own direct losses.

WHEREFORE, Ms. Kneedler asks the Court to dismiss all claims against her under Rule 12(b)(2). In the alternative, she asks the Court to dismiss Counts II, IV, VI, VIII, IX, and XII, or any of them, under Rule 12(b)(6) and to grant such other relief as is just.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Ms. Kneedler certifies that she conferred with Plaintiff's counsel on October 5, 2026, in a good-faith effort to resolve or narrow the issues presented by this motion, and that the parties were unable to do so.