**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HARRISON NGEAH MISSIBI,<br>Plaintiff,<br><br>v.<br><br>LENTO LAW GROUP, P.C.; LAWRENCE A. KATZ; and KRISTI KAY KNEEDLER,<br>Defendants. | Civil Action No. 1:26-cv-13498-ADB |

**DEFENDANT KRISTI KAY KNEEDLER'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF HER MOTION TO DISMISS**

Defendant Kristi Kay Kneedler ("Ms. Kneedler"), appearing pro se, requests leave under Local Rule 7.1(b)(3) to file the accompanying proposed reply in support of her motion to dismiss (ECF 15). The proposed reply is submitted with this motion. Plaintiff does not oppose this motion.

Plaintiff filed a consolidated opposition on October 23, 2026, addressing the separate motions to dismiss filed by Ms. Kneedler (ECF 15) and Defendant Lawrence A. Katz (ECF 9). ECF 19. A reply will assist the Court because the opposition raises arguments that Ms. Kneedler's opening memorandum could not anticipate. The proposed reply addresses five of them. First, the opposition attributes Lento's online solicitation to Ms. Kneedler and relies on *Stokinger v. Armslist, LLC*, 166 F.4th 229 (1st Cir. 2026). ECF 19 at 11-13. Second, the opposition treats the long-arm statute as coextensive with due process without addressing *SCVNGR, Inc. v. Punchh, Inc.*, 478 Mass. 324 (2017). ECF 19 at 5-6, 9. Third, the opposition argues for the first time that the alleged investigation of Plaintiff's history was, or should have been, conducted in Massachusetts. ECF 19 at 11. Fourth, the opposition now asserts that a voluntary surrender remained available during Mr. Katz's later representation, which bears directly on causation. ECF 19 at 16-17. Fifth, the opposition offers a new fraud theory based on a February 9, 2024 communication that Counts VI

and VIII do not plead, a Chapter 93A argument under a count not pleaded against Ms. Kneedler, and a newly articulated indemnity theory. ECF 19 at 19-21.

The proposed reply also clarifies Ms. Kneedler's position on the competing transfer requests. Plaintiff asks, in the alternative, for transfer to the District of New Hampshire, ECF 19 at 14-15, and Mr. Katz asks for transfer to the District of New Jersey, ECF 9 at 8-9. Ms. Kneedler joins neither request and seeks relief only on her own behalf.

The proposed reply responds only to matters raised in the opposition and addresses only the arguments that require a response. It does not seek relief for any other defendant. Its length reflects the consolidated opposition's treatment of personal jurisdiction, competing transfer requests, and several distinct causes of action. Ms. Kneedler requests no change to any hearing date or other deadline.

WHEREFORE, Ms. Kneedler requests that the Court grant her leave to file the accompanying proposed reply. She further requests that the Court deem the reply filed upon allowance of this motion or direct its separate filing.

## LOCAL RULE 7.1 CERTIFICATION

I certify that on November 5, 2026, I conferred in good faith by email with counsel for Plaintiff about whether Plaintiff would oppose this motion for leave to file a reply. Counsel for Plaintiff stated that Plaintiff does not oppose the relief requested.

Respectfully submitted,

/s/ Kristi Kay Kneedler
KRISTI KAY KNEEDLER (Pro se)
174 Water Color Way, Suite 103, #175
Santa Rosa Beach, FL 32459
Telephone: (850) 353-3254
Email: kkneedler@mwlawfirm.com

Dated: November ___, 2026

**CERTIFICATE OF SERVICE**

I certify that on November 12, 2026, I served the foregoing motion and the accompanying proposed reply by electronic mail on the following:

Sean E. Capplis, Esq.
Timothy Vaughan Malley, Esq.
Capplis, Connors, Carroll & Ennis, PC
66 Brooks Drive, 2nd Floor, Braintree, MA 02184
scapplis@ccclaw.org
tmalley@ccclaw.org
Counsel for Plaintiff

Lawrence A. Katz
17 42nd Street, Unit 7, Sea Isle City, NJ 08243
lakatzsr@gmail.com
Defendant, pro se

/s/ Kristi Kay Kneedler
Kristi Kay Kneedler (Pro se)